Good morning. May it please the court, my name is Vince Branco. I'm with the Federal Defenders. I represent Mr. Rivera. This is a case about the government using the charging process to introduce otherwise inadmissible evidence. Mr. Rivera's convictions must be reversed because count one of this indictment charges the importation of two substances, a personal use amount of methamphetamine and a distribution quantity of cocaine. And second, the convictions must be reversed because charging an offense relating to a personal use amount of methamphetamine in the same indictment as a distribution quantity of cocaine was sufficiently prejudicial to Mr. Rivera to require a severance under Rule 14. First of all, I don't think there's much dispute now on the case law that count one contained two offenses. It has become clear over the last few months that importations of different substances are different offenses. I take it the argument as to count one would be then, although it's kind of interesting when you mention that other case, because that also came from the defenders in San Diego. I guess we were telling the government you can't do it either way, but that's neither here nor there. They can't do it this way, right? Correct. I take it the bottom line of the argument is the Court never separated them, made the government elect or actually instructed the jury to make a finding on each one separately. That's the argument, right? Yes. And absent that, all we're left in our law is to send that one back. Correct. That's absolutely correct. And if Your Honor's agree, I'll move on to the severance issue. I agree. I know what you're arguing. I mean, that's it, right? That's it. Under, I believe it's Ramirez-Martinez. We've got a couple cases. We've got Ramirez-Martinez. And that's what they say. I guess the only problem with this argument is the government contends that the jury was properly instructed. But Your Honor should read the instructions on that. I guess we have read the instructions. Okay. Why don't you move on to your second point? Well, the second point is basically that, you know, the only reason this methamphetamine was put in this indictment is so it could be introduced at trial. I think the fact that someone shouldn't be put on trial for a personal use methamphetamine when they're being charged with 41 kilograms or 41 pounds of cocaine, I think the district court made it clear that it wouldn't allow this type of evidence in unless it was an indictment. And the case law from this circuit is clear that if this was just the charge for 41 kilograms of cocaine, that this would not — 0.7 grams of methamphetamine found in his wallet wouldn't have come in. It certainly is clear whether we all agree with it or not. Well, it's clear what the case law is. I don't think it's clear whether or not these three judges agree. We've all spent this week having to apply a lot of cases we don't agree with that may not necessarily be the same. You're citing Viscari and Martinez. Yes, I am. That was an excellent opinion. I agree. You're referring to the dissent. I can. Okay. But the — Viscari, of course, is a question of admitting evidence on account of a personal use amount. Yes. I take it your argument is let's say the government pled this right. Okay. They pled it as two separate counts. Two importation counts and one — I take your argument is that no instruction, nothing the judge tells the jury, as it's told in here, is you're not to consider the evidence on one count for another one, would remove the sting. That's a little different from Viscari. Viscari is a different animal. You're just saying that in spite of the fact that counts are mixed up all the time, in this case you simply can't charge a small one with a big one. Is that right? I'm saying in this case pursuant to Rule 14, if there's prejudice of bringing two different offenses in the same indictment, you can sever the offenses, and that's what should have been done here. I think it's important to look at the facts of this case, and that is Mr. Rivera in his wallet had a personal use amount of cocaine and a personal use amount of methamphetamine in his wallet in this case. The district court suppressed the personal use of cocaine, saying that was completely irrelevant to whether or not he knew that there was cocaine hidden in the vehicle. I think that shows that if this wasn't in the same count within the cocaine, that this methamphetamine would never have been introduced in this case. I don't think there's any question that the judge would not have allowed it to be introduced if it hadn't been part of an account in the indictment. It was introduced because it was part of a count in the indictment. And the question is not whether they could just introduce it to try to prove Count 2. The question is can they introduce it to prove Count 1. And is that necessarily prejudicial to Count 2? I believe it is, because in Count 1 there's the cocaine also. And there's no instructions in here saying, okay, you can't consider the methamphetamine that is charged in this offense as to whether or not Mr. Rivera Galvan knew that there was 40-some kilos of cocaine in the car. What I'm saying is when there's a circumstance where there is a high prejudice of one offense, which is personal use of methamphetamine, that should not be part of the same trial for a distribution quantity of cocaine. And if there is, there has to be sufficient protections in the jury instructions to do that, which weren't done here. Well, didn't they instruct them not to consider what the evidence in one count with respect to the other count? They said to consider the count separately. But remember, the methamphetamine and the cocaine are in the same count of Count 1. So it doesn't matter. Well, the Count 1 you've got, we assume, we're on to Part 2 of your argument. Yeah. Count 1 we assume you've gotten rid of, that that no longer exists. So whatever prejudice there was to Count 1, we're not talking about. We're not talking about what prejudice is there to Count 2. What I'm saying is there's a spillover in the instructions. Because Count 1 did exist at trial, it did exist with two substances in, jury instructions to say consider the count separately don't work, because in Count 1 there's two different substances, so they can still consider the substances together. For Count 1. For Count 1. The purpose is Count 1. How about Count 2? For Count 2, possibly they could have tried to separate it there. However, I think that's only one of the things to look at when considering prejudice. First of all, this Court is repeatedly saying personal use of drugs is highly prejudicial. Second of all, the government, while they didn't use the methamphetamine evidence to argue a propensity, they did use this methamphetamine to obtain a conviction on both counts. During their closing argument, they made arguments such as, well, he had to admit to the methamphetamine, but you shouldn't buy his statements about the cocaine in the car because he's just trying to distance himself. So there is repeated references to the methamphetamine tying it into what the Mr. Rivera's statements were as to his defense. I see that I only have two minutes left. May I reserve that for Ronald? Good. May it please the Court. My name is Joseph Smith. I was the trial attorney in this case, and I'm right here in this case. I'm after the appellee of the United States, and I'm an assistant justice attorney from the Southern District of California. What I'd like to do sort of immediately is address a few things. First, I believe Mr. Brunkow indicated that the charge was 40 kilograms of cocaine. It actually was only 16.9 kilograms. The thrust of the appellant's argument is that the government utilized the charging instrument in order to get in evidence that otherwise would not be admissible in order to dirty up the appellant at trial. Certainly, the facts don't bear that out. First, the government never argued at any point, contrary to cases like this, that the jury should somehow equate this use of methamphetamine or possession of a personal amount of methamphetamine with the separate charge and the separate crime of importing and possessing in an attempt to distribute the cocaine. That was never argued by the government. It was never argued at any point, either in opening or in closing or through the course of the trial. The government only talked about the use of the methamphetamine in rebuttal, indicating that he had to admit to the use of the methamphetamine, but he didn't have to admit to the use of the cocaine in response to appellant's attorney in closing argument saying, he's an honest man, he got up there on the stand, he admitted as to the methamphetamine, he's being truthful to you, but he didn't know about the cocaine and he told you. The government's response was he had to admit about the methamphetamine because it was in his pocket. That was how that came up in context. Regarding the joinder, the joinder itself, Rule 8 allows joinder of either felonies or misdemeanors or both. So the fact that this is a possession of a user amount of methamphetamine and a distributable amount of cocaine doesn't necessarily mean it was inappropriate. When you say joinder, you're talking about count one and count two. Right. Yes. And ultimately, the point that I'm making is that the government could join misdemeanor charges with felony charges at one trial. So the appellant arguing that, well, this is a small amount of methamphetamine, it shouldn't have been charged, and we were using the charging instrument in order to get this evidence out, is also shows that Rule 8 allows joinder of different levels of seriousness of charges that can be vastly different. And it requires the rules also require severance if they're unduly prejudicial. And it's a manifest injustice. That's correct. And regarding the prejudice issue, the government cited the Nolan case in its briefs, and that is a case where the prejudicial joinder was not found in two separate or numerous different felon possession charges where an individual was charged with being a felon in possession of different weapons at different times. Certainly, there can be nothing more prejudicial to one count of felon possession than to have the same jury decide on another count. This Court found that there was substantial overlap between the cases, between the charges. And the overlap in that case certainly was much less than in this case. The overlap in that case was there was one witness who was going to testify about the interstate transportation of each of the guns. That was the overlap in Nolan that was found to counsel against severance of the different counts for separate trials. Counsel, just so I understand completely, you've ceded the invalidity of Count 1? Yes. I think given the Vargas Castillo case, the government would submit that it was duplicitous. And certainly, we don't concede that it wasn't corrected by the courts, because as Ramirez-Martinez case cites, you can either elect or the court can ensure a unanimous verdict. In this case, when you look at the instructions as a whole, as this Court counsels that you do in these situations, the instructions as a whole allowed the government, the jury to come to a unanimous verdict. Well, the problem with the instructions as a whole, counsel, is that the Court in its instructions never says treat these things separately. It says a separate crime is charged in each count. Well, so Count 1 charges a crime. That's what it says. Certainly. And then it goes on and says to find him guilty of Count 1, you must find that he knew it was cocaine and or methamphetamine. Again, doesn't separate. The only place you can sneak in a separation, it seems to me, and you can tell me if I'm wrong, is at the time of the verdict, they have a verdict form, and he says, I think they're pretty self-explanatory. There's a place for Count 1 to say meth and a place on Count 1 to say cocaine. Still doesn't say, but if he's guilty of one, he may be not guilty of the other. What do we do with that? Well, Your Honor, I think that you may be referring to Exodus of Record 248, where he talks about this Count 1. He says, first, you find the defendant either guilty or not guilty as to importing methamphetamine. And then there's a place for you to find him either guilty or not guilty as to importing cocaine. And the government feels that that instruction by the court at that point, describing the exact verdict form, which very separately addresses both methamphetamine and cocaine, would allow the court to ensure a unanimous verdict. Now, this was all brought to the judge's attention, and still when he's giving the actual instructions to the jury as opposed to, you know, here's some verdict forms. I don't really have to even talk to them. They're so simple. Just go out and do it. Certainly. And he never tells the jury to separate those two things, does he? Well, Your Honor, I think that's what we pointed to is what he said. However, when it comes to the verdict form, here's the verdict form, guys. He never, in his instructions on the substantive law of what you, the government, have to prove, separates them, does he? That's correct, Your Honor. Isn't that sort of troublesome? Well, Your Honor, I think the instructions as a whole do convey that adequately to the jury. In addition, when it comes, there were three instructions proposed by both by the governor and by the appellant in this case. There were only three instructions that the appellant himself proposed that the court did not give. One was on reasonable doubt, and he gave the Ninth Circuit instruction. The other two were on what you might want to call an apprendee version of an elements charge, in that the defendant would have to know the type and know the quantity, which is not consistent with Ninth Circuit case law. There were no requests by the appellant to give any further instructions. And when there's no objection to a jury instruction at the time of trial, the court reviews it for plain error. Now, in this case, this addresses not only a duplicity issue, but also, even more importantly, I think, the issue of this user quantity of methamphetamine being improperly considered by the jury. The government never argued it at any point. The court never affirmatively instructed him, you cannot take this user amount of methamphetamine to infer guilt on the possession of the intent to distribute the cocaine. But importantly, the appellant never asked that. The appellant never requested that. There's certainly no plain error in this case for the court not to instruct on that. The government didn't argue it. It was never improperly before the jury. Now, when it comes to the Viscara case, I think, even though the Viscara case certainly does say that possession of methamphetamine is not relevant to determine whether somebody was in a conspiracy to possess precursor chemicals that are going to be made to manufacture methamphetamine, I think the Viscara opinion itself indicates that there's quite a bit of authority in this circuit, and footnotes specifically talks about cases which indicate that a user amount of a drug could potentially be relevant. And certainly in this case, it would provide knowledge and provide opportunity. An individual goes down to the bank and goes to the bank. Kennedy. But you say it is relevant in this case. Well, it could be relevant. I don't think that it actually was ever before the jury. I don't think the jury ever was – there's no evidence the jury ever considered this. Certainly the parties argued differently. The appellant actually utilized this methamphetamine information offensively by saying that he took the stand and he admitted the methamphetamine, he's being truthful to you, he had a drug problem, he came, he told you it was embarrassing, but he did it, but he also told you there wasn't any cocaine. So certainly they used it offensively in their case. And importantly, there were only three instructions that were given by the court or that were asked for by appellant's counsel that were not given by the court. And that discussion is in pages 198 and 199 of the excerpts of the record. And the court specifically says that we had a jury instruction conference prior to it going on the record. And certainly it's not before the court what occurred during that jury conference between the parties, but certainly very often it's a tactical decision on the part of the defense attorney not to highlight potentially bad evidence. And if the court feels inclined to remand it back, if necessary, if an evidence hearing is that important to determine why the defense counsel didn't ask for a specific instruction, then the court certainly can do that. However, I think because there was no objection to the jury instructions on that issue, the proper analysis was plain error, and there wasn't plain error in this case. Government never argued it, as in Vizcarra. But I think the issue is severed, I'm sure. Certainly. The issue is, if count one were to fail and were to be reversed, whether or not count two should stand. And I think the question is. And the issue on count two is whether it should have been severed. The issue on count two is whether or not this evidence would have been improperly considered by the jury in coming to a decision on count two. I thought the legal question is whether, I thought that they were raising was whether count two and count one should have gone forward in the same trial together. Certainly. I think their issue was whether or not count one should have been broken into two separate charges. That's the first issue. And whether or not the count one, the misdemeanor amount of methamphetamine, or that portion of it, or the user amount of methamphetamine should have been severed out and should have been separate. And their argument is that because that didn't happen, it's error because the court jury would have improperly considered this amount of methamphetamine. And ultimately, one other, if I could just briefly, I believe that Mr. Brunkow indicated that the trial court suppressed the personal use of the amount of cocaine. That was not the case. The government never offered that evidence. The charting was made. It was 16.9 kilograms of cocaine. The amount of user, the user amount of cocaine was .7 grams. Certainly, that wouldn't have increased the total amount of cocaine being imported. The government never offered that evidence. The government was never going to offer the user amount of cocaine because they hadn't indicated that small amount in the indictment itself. Thank you, Counsel. I'd like to first clear up the last contention the government just made of whether or not the government was seeking to introduce the personal use amount of cocaine in the wallet. On Excerpt of Record, page 49, it shows the discussion. Defense counsel brought an in-limiting motion to exclude that personal use amount. The government specifically requested it, saying it would go to the fact that he's aware of what cocaine is, that he had a use amount. The court specifically stated, well, I don't think there's going to be any issue of whether or not he knows what cocaine is. I think the issue is going to be whether or not he knew that there are 41 pounds in the vehicle, and then the court suppresses that because he feels that personal use amount is not relevant to the distribution charge. So that's absolutely not correct, that they weren't trying to get the cocaine in also. Secondly, there's a fundamental difference, I think, between having two charges that are pretty much the same, meaning felon in possession versus another felon in possession charge, as opposed to what we have here, which is a personal use amount of a drug and a distribution quantity of a drug. There's much more highly prejudicial materials that the jury will infer because he's used drugs or has personal use. They're more willing to distribute judge, and that's an impermissible inference. Lastly, we did ask for an instruction that would have required unanimity in this case. Our proposed instruction is on Excerpt of Record, page 35. We asked for a specific instruction that they would have had to have known that there was methamphetamine and that they would have to have known about the cocaine. This was discussed at the jury instruction conference on the record where counsel still requested that instruction. It wasn't given over objection. As the bottom line is, there are no cases coming out of the Southern District of California regarding the importation of .7 grams of methamphetamine. It was there to be there so the jury could consider it about the cocaine offense. For that reason, this Court should reverse the whole counts. Thank you, counsel. The case just argued will be submitted.
judges: Reinhardt, Fernandez, Rawlinson